United States District Court
Southern District of Texas
**ENTERED**
April 07, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | **Criminal Case No. 4:20-CR-00533-001** |
| | § | |
| EZEQUIEL ALANIS ESPITIA | § | |

## ORDER

Pending before the Court is Defendant Ezequiel Alanis Espitia's *pro se* Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821, (Dkt. No. 682), and Motion for Appointment of Counsel to File a Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(2), (Dkt. Nos. 716, 717).

Part A of Amendment 821 addresses "status points," the additional criminal-history points given to offenders who committed the offense of conviction while under a criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. Under Part A, (1) offenders with six or fewer criminal-history points will no longer receive status points, and (2) offenders with seven or more criminal-history points will only receive one status point instead of two.

Espitia was not assessed any status points. (Dkt. No. 595 at 32–33) (SEALED). He therefore receives no benefit from Part A of Amendment 821.

Part B of Amendment 821 creates a new guideline that provides for a decrease of two offense levels for offenders with zero criminal-history points whose offense did not involve specific aggravating factors. *See* U.S.S.G. § 4C1.1.

Espitia's criminal history score was zero; however, because he received a 4-level enhancement under U.S.S.G. § 3B1.1(a) for being an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, he fails to meet the criteria for an adjustment and receives no benefit from Amendment 821. *See* U.S.S.G. § 4C1.1(a)(10); (Dkt. No. 595 at 32) (SEALED).

There is no constitutional right to counsel in Section 3582 or other post-appellate criminal proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539  (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."); *United States v. Whitebird*, 55 F.3d 1007, 1010–11 (5th Cir. 1995) (no constitutional or statutory right to counsel in § 3582 proceedings).  "Although a defendant in a § 3582(c) motion does not have a statutory or constitutional right to appointment of counsel, the Court may appoint counsel in the interest of justice." *United States v. Rodriguez*, No. 2:10-CR-00017, 2015 WL 13664966, at *2 (S.D. Tex. Aug. 20, 2015) (citing *United States v. Robinson*, 542 F.3d 1045, 1051–52 (5th Cir. 2008)); *see also* 18 U.S.C. § 3006A(a)(2) (allowing appointment of counsel under certain circumstances when "the court determines that the interests of justice so require").  The interests of justice do not require that counsel be appointed where a "defendant's motion does not involve complicated or unresolved issues" or where a defendant proves capable of representing himself pro se. *See United States v. Joseph*, No. 1:15-CR-00307, 2020 WL 3128845, at *2 (E.D. La. June 12, 2020) (quoting *United States v. Moore*, 400 F.App'x 851, 852 (5th Cir. 2010) (per curiam) (cleaned up)).

Espitia seeks counsel to determine if he qualifies for a sentence reduction under Amendment 821. But because Espitia is not eligible for relief under Amendment 821, his motion to appoint counsel is moot.

Accordingly, Espitia's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821, (Dkt. No. 682), is **DENIED**. Espitia's Motion for Appointment of Counsel to File a Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(2), (Dkt. Nos. 716, 717), is **DENIED as moot**.

It is SO ORDERED.

Signed on April 6, 2026.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**

3